IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KANYE WEST, | ) | |
| | ) | |
| Plaintiff/Counter-Defendant, | ) | No. 05 C 4977 |
| | ) | |
| v. | ) | Honorable Wayne R. Andersen |
| | ) | |
| ERIC "E-SMOOVE" MILLER and FOCUS MUSIC GROUP, INC. | ) | Magistrate Judge Maria Valdez |
| | ) | |
| Defendants/Counter-Plaintiffs. | ) | |

## MEMORANDUM, OPINION, AND ORDER

This matter is before the Court on defendants Eric "E-Smoove" Miller and Focus Music Group, Inc.'s objection to the order entered by Magistrate Judge Valdez on August 11, 2006, denying defendants' motion to compel production of documents and motion to extend discovery deadline. For the following reasons, we affirm Magistrate Judge Valdez's order and deny defendants' objection.

## BACKGROUND

Plaintiff Kanye West filed this action against defendants Eric "E-Smoove" Miller and Focus Music Group, Inc. alleging commercial misappropriation and commercial unfair competition through unauthorized exploitation of master recordings of performances by plaintiff made in 1995. According to the complaint, plaintiff is seeking declaratory judgment as to the ownership rights of the 1995 master recordings and also as to the invalidity of the alleged contract between plaintiff and defendants. Plaintiff is also seeking injunctive relief enjoining defendants from any further use of plaintiff's identity, as well as monetary damages. Defendants

filed a counterclaim against plaintiff seeking declaratory judgment as to their rights to the 1995 master recordings, as well as monetary damages for breach of contract, fraud, and services rendered.

On June 29, 2006, defendants filed a motion to compel production of documents, seeking "all Documents relating to any recording agreements or music production agreements executed by Plaintiff," and specifically "all documents concerning the allegation in ¶ 11 of the Complaint that Plaintiff is currently signed to an exclusive recording deal with Roc-A-Fella Records." Plaintiff argued that any recording agreements executed by plaintiff were confidential business records and not relevant to the matter at issue in this litigation. Plaintiff also asserted such agreements were not relevant to plaintiff's market value at the time of the alleged contract with the defendants. Plaintiff offered defendants a redacted version of his present recording agreement with Roc-A-Fella showing exclusivity clauses contained therein. Defendants denied that offer, demanding the contract in full. On June 30, 2006, defendants also filed a motion to extend discovery, seeking an additional sixty days for depositions regarding the documents sought in the motion to compel.

In her August 11, 2006 Order, Magistrate Judge Valdez denied defendants' motion to compel all documents, finding that the documents sought were irrelevant to the issue in this matter and that the redacted version offered by plaintiff was sufficient. She also reasoned that the contracts that defendants were seeking would neither assist in determining the market value of plaintiff's work as a recording artist nor would it determine the value of his studio time in 1995. Defendants filed an objection to Magistrate Judge Valdez's Order stating they should be able to see all of plaintiff's recording agreements and the entire Roc-A-Fella contract, not just the

redacted version. In response to Magistrate Judge Valdez's ruling and in an effort to compromise, defendants' objection limited their request to only those documents relating to any recording agreement executed by plaintiff over the last five years, which included the Roc-A-Fella contract.

## **DISCUSSION**

Magistrate Judge Valdez's Order is reviewed by this Court under the "clearly erroneous" or "contrary to law" standard. FED.R.CIV.P. 72(a); 28 U.S.C. § 636(b)(1)(A). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997).

We find that Magistrate Judge Valdez correctly held that the documents relating to plaintiff's current contracts are not relevant to this litigation. The only contract relevant to defendants' counterclaim is the purported agreement between plaintiff and defendants in 1995. Consequently, agreements executed by plaintiff over the last five years would not be relevant to the instant complaint.

Defendants argue the Roc-A-Fella contract must be produced because that is what is motivating plaintiff to bring this lawsuit. However, Magistrate Judge Valdez determined that no documents relating to any recording agreements executed by plaintiff in the last five years, including the Roc-A-Fella contract, are relevant to this litigation and consequently no additional discovery was needed. We conclude that Magistrate Judge Valdez's ruling was not clearly erroneous, nor was it contrary to law.

## CONCLUSION

For these reasons, we deny defendants' objection to Magistrate Judge Valdez's August 11, 2006 Order.

IT IS SO ORDERED.

_____
Wayne R. Andersen
United States District Judge

Dated: February 13, 2007